**Jesus Aguilera BENITEZ, Plaintiff,**

v.

**(N.N.C.) NEPTUNE NAVIGATION CORP. et al., Defendants.**

**Civ. No. 362–70.**

United States District Court,
D. Puerto Rico.

Jan. 12, 1973.

---

C. H. Julio and Rafael Ramírez de Arellano, San Juan, P. R., for plaintiff.

José L. Novas Dueño, San Juan, P. R., for defendant.

## ORDER

TOLEDO, District Judge.

This case is presently before this Court on defendants' contention that plaintiff's action is time barred, and that, therefore, this action should be dismissed. The plaintiff has duly filed his memorandum in opposition as called for by Rule 2(e) of this Court.

■ Brought under the maritime jurisdiction of this Court, the plaintiff alleges that on or about September 29, 1966, he suffered the injury subject of this complaint while in the employ of a independent stevedoring contractor, who had in turn been employed by the defendant herein. Having exhausted his administrative remedies by December 4, 1967, the plaintiff waits nearly 3 years to file this action, on May 26, 1970. The defendant argues alternatively that the plaintiff's cause of action is barred by either the local one year statute of limitations prescribed by Title 11, Laws of Puerto Rico Annotated, Section 32, or by laches. The Supreme Court of the United States has held that the existence of laches is a matter that should not be determined merely by a reference to and a mechanical application of the statute of limitations. Gardner v. Panama R. Co., 342 U.S. 29, at 31, 72 S.Ct. 12, 96 L.Ed. 31 (1951). Clearly then, defendant's contention that plaintiff is barred by time from exercising this cause of action can not rest strictly on a referral to Title 11, Laws of Puerto Rico Annotated, Section 32, supra. The equities of the parties—under the doctrine of laches —must be considered as well. Gardner v. Panama R. Co., supra. This is not to say, however, that this Court should sever all reference to state time limitation statutes whenever it is called upon to decide the existence or not of laches. As was pointed out by the Second Circuit, when the suit has been brought after the expiration of the state limitation period, a court applying maritime law asks why the case should be allowed to proceed; when the suit, although perhaps

long delayed, has never been brought within the state limitation period, the Court asks why it should not be. Larios v. Victory Carriers, Inc., 2 Cir., 316 F. 2d 63, at 66. This Court adheres to this rule of thumb with regard to the proper assigning of the burden of proof in maritime cases, the dismissal of which is sought under the doctrine of laches. As the plaintiff herein filed this action outside the state time statute, it is important that he should understand exactly what burden this Court expects him to carry if he expects to defeat defendant's motion to dismiss.

■ Simply stated, the plaintiff herein must allege and prove both sides of the equity coin: he must show, affirmatively, that his own delay was excusable, and, negatively, that the defendant was not prejudiced thereby. Larios v. Victory Carriers, Inc., supra. That Court correctly understood the Supreme Court in *Gardner,* supra, to express itself in the conjunctive in this respect, 342 U.S. at 31, 72 S.Ct. at 13:

"Where there has been no inexcusable delay in seeking a remedy and where no prejudice to the defendant has ensued from the mere passage of time, there should be no bar to relief."

Although the two-pronged burden was tempered somewhat in Larios v. Victory Carriers, Inc., supra, 316 F.2d at 67, so as to permit a defense to laches should the plaintiff present strong evidence of lack of prejudice to counteract a weak argument as to inexcusable delay, that Court in no way meant to relieve a party from proving both aspects of the equity question presented by the doctrine of laches. The *Larios* Court speaks only of degree, and indeed that is all it can speak of in view of the explicit wording in *Gardner,* supra.

■ In view of the foregoing, this Court is in a position to say that the plaintiff's cause of action is barred by laches, as he makes not a single allegation in his complaint concerning excusable delay. We will not allow plaintiff to come into this Court in an evidentiary hearing and attempt to prove the nonexistence of laches on the simple assertion that no prejudice exists for the defendant. This Court must know, by way of plaintiff's allegation, that some justification is going to be given for the nearly 3 year delay in the filing of plaintiff's cause of action. Regardless of how strong plaintiff's argument is with respect to lack of prejudice, this Court has no alternative but to grant a dismissal on grounds of laches where no evidence has been introduced nor even alleged, to justify such a delay.

We, therefore, grant defendant's motion to dismiss without prejudice so as to enable plaintiff to properly allege excusable delay should he think that he will be able to prove the same in an evidentiary hearing before this Court.

It is so ordered.